BLUME v. LUNDY, Register of Deeds.

(Supreme Court, Special Term, Kings County. April 14, 1911.)

MORTGAGES (§ 314*)—CERTIFICATE OF DISCHARGE—RECORDING—REQUISITES—RESIDENCE OF "PURCHASER"—"CONVEYANCE OF REAL ESTATE."

Laws 1910, c. 227, providing that a recording officer shall not accept for record any "conveyance of real estate" unless the residence of the purchaser shall be stated, does not apply to a certificate of discharge of a mortgage, since such an instrument does not create, transfer, mortgage, or assign any interest in real property, nor assign any mortgage, lease, or other conditional estate, nor is there any "purchaser," properly so called, and the register must accept for record a satisfaction piece, though it does not state the residence of the purchaser.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 914–918; Dec. Dig. § 314.*

For other definitions, see Words and Phrases, vol. 2, pp. 1575–1584; vol. 8, p. 7619; vol. 7, pp. 5858–5860; vol. 8, p. 7775.]

Application for a peremptory writ of mandamus by Benjamin Blume against Frederick Lundy, Register of Deeds for Kings County, to compel the discharge of a mortgage by satisfaction piece, not stating residence of purchaser. Motion for writ granted.

Harry Percy David, for applicant.
Michael J. Grady, for respondent.

BLACKMAR, J. I do not think that chapter 227 of the Laws of 1910 applies to a certificate of discharge of a mortgage. It is a question whether such an instrument is a "conveyance," within the definition of that term as contained in section 290 of the real property law (Consol. Laws 1909, c. 50). The instrument does not create, transfer, mortgage, or assign any estate or interest in real property.

It may perhaps be said that it is an instrument "by which the title to real property may be affected"; but even this is doubtful, when this general clause is read with reference to the remaining language of subdivision 3 of section 290. Even if it be a conveyance, there cannot be said to be any purchaser.

The term "purchaser" is defined to include every person to whom any estate or interest in real property is conveyed for a valuable consideration, and every assignee of a mortgage, lease, or other conditional estate. Section 290, Real Property Law. A certificate of discharge conveys no interest in real property; neither does it as-

sign any mortgage, lease, or other conditional estate. The certificate discharges the lien. A man who pays a debt cannot be said to purchase the debt, neither can one who discharges a lien be said to purchase the interest of the lienor. He simply wipes it out.

This conclusion is fortified by a consideration of the purposes and intent of chapter 227 of the Laws of 1910. All lawyers and judges who are concerned with conveyancing know that a practice has grown up of attempting to impede the foreclosure of mortgages by conveyances and mortgages, made either to fictitious persons or to persons whose residence is without the jurisdiction of the courts or unknown; and such conveyances and mortgages are also used for the purpose of defrauding creditors. This statute was enacted to cure these wrongs, and should be confined in its application accordingly. Even if a certificate of discharge could be called a conveyance, and if the person for whose benefit it is made could be called a purchaser, yet the name of such person does not appear on the instrument itself, and should not appear thereon, unless required by express statutory enactment. It inures to the benefit of all persons who have an interest in the premises which is subject to the mortgage.

If such persons are purchasers, there may be a number of them, and their identity and names may be unknown to the mortgagees, who certify the discharge. The case is entirely different from that of a conveyance which transfers an interest in real property. In such case, the name of the purchaser appears upon the face of the instrument, and the object of the statute is to locate such person, so that his identity may be ascertained upon inquiry. None of these considerations, which moved the enactment of chapter 227 of the Laws of 1910, apply to the case of the discharge of a mortgage; and as there is nothing in any provision of law that I am aware of which expressly makes this provision applicable to a certificate of discharge of a mortgage, I am led to the conclusion that this motion should be granted.

Motion for a peremptory writ of mandamus granted, but without costs.